[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 02-13486
_____

EPA No. 40 CFR Part 52

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**JUNE 16, 2003**
**THOMAS K. KAHN**
**CLERK**

SOUTHERN ORGANIZING COMMITTEE
FOR ECONOMIC AND SOCIAL JUSTICE,
GEORGIA COALITION FOR THE PEOPLE'S
AGENDA,

Petitioners,

versus

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

Respondent,

STATE OF GEORGIA,

Intervenor.

_____

No. 02-13705
_____

EPA No. 40 CFR Part 52

SIERRA CLUB,

Petitioner,

versus

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

Respondent.

_____

Petitions for Review of a Final Order of the
Environmental Protection Agency
_____

**(June 16, 2003)**

Before EDMONDSON, Chief Judge, KRAVITCH and GIBSON[*], Circuit Judges.

PER CURIAM:

Petitioners Southern Organizing Committee, Georgia Coalition for the

People's Agenda, and the Sierra Club ("Petitioners") challenge the final rule

issued by the United States Environmental Protection Agency ("EPA") approving

the Georgia State Implementation Plan ("SIP") for the Atlanta serious 1-hour

ozone nonattainment area.  67 Fed. Reg. 30,574-89 (May 7, 2002).

The Clean Air Act ("CAA") creates a comprehensive scheme for regulating

air quality throughout the United States.  See 42 U.S.C. § 7401.  National Ambient

Air Quality Standards ("NAAQS"), promulgated by the EPA pursuant to the CAA,

_____

[*] Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

2

create air pollution limitations. Local regions not complying with ozone limitations are classified under a statutory scheme and assigned a nonattainment status depending on their level of air pollution. See 42 U.S.C. § 7511(a). Nonattainment areas are subject to specific statutory requirements of the 1990 Amendments to the CAA designed to limit the EPA's discretion. See Whitman v. American Trucking Ass'ns, Inc., 531 U.S. 457, 484 (2001). These provisions create a scheme with concrete attainment deadlines and require states to create SIPs in order to bring nonattainment areas into compliance. See 42 U.S.C. § 7511.

42 U.S.C. § 7511 provides for mandatory classification of nonattainment areas based on ozone levels. 42 U.S.C. § 7511(a)(1). Nonattainment areas are classified as marginal, moderate, serious, severe, or extreme. Id. Attainment dates correspond with these labels. Id. According to § 7511(b)(2)(A), an area that fails to attain standards by the applicable attainment date "shall be reclassified by operation of law." 42 U.S.C. § 7511(b)(2)(A).

On May 7, 2002, the EPA issued a final rule in regards to Georgia's SIP for bringing the Atlanta area into compliance with the NAAQS ozone standards. 67 Fed. Reg. 30,574. The rule extended the date for compliance until November 15, 2004, but did not "bump-up" the attainment status of Atlanta from serious to severe as required by § 7511. Id. The EPA cited its 1999 Extension Policy as

3

justification for the extension of the attainment date without reclassification.  Id. at 30,575.  The 1999 Extension Policy was a "guidance memorandum," not promulgated through notice and comment rulemaking, providing for extensions of attainment deadlines when attainment of air quality standards was frustrated by transported upwind pollution.  See 64 Fed. Reg. 14,441 (March 25, 1999).

Petitioners appealed the agency's action to this court pursuant to 42 U.S.C. § 7607(b), alleging that EPA exceeded its delegated authority because the plain text of the CAA precludes extension of attainment deadlines without reclassification.  During the pendency of this appeal, both the Seventh Circuit, Sierra Club v. EPA, 311 F.3d 853 (7th Cir. Nov. 25, 2002), and the Fifth Circuit, Sierra Club v. EPA, 314 F.3d 735 (5th Cir. Dec.11, 2002), joined the D.C. Circuit, Sierra Club v. EPA, 294 F.3d 155 (D.C. Cir. July 2, 2002), in its determination that the 1999 Extension Policy was an invalid exercise of the EPA's delegated authority and contravened the text and goals of the CAA.  In light of the decisions of these circuits, the EPA filed a motion for voluntary vacatur of its extension of the attainment date deadline for the Atlanta nonattainment area and its approval of the Atlanta-area SIP on February 20, 2003.  Because the motion was filed less than two weeks before our scheduled argument, the motion was carried with the case and discussed at oral argument.

We agree with the holdings of the Fifth, Seventh, and D.C. Circuits finding the Extension Policy to be unauthorized agency action contrary to the express language of the CAA. Accordingly, we GRANT the EPA's motion for voluntary vacatur, VACATE the EPA's extension of the ozone attainment date for the Atlanta nonattainment area and EPA's approval of the ozone demonstration SIP submitted by the state of Georgia, 67 Fed. Reg. 30,574, and REMAND the matter to the agency for further proceedings consistent with this order.

So ORDERED.